**MANDATORY
CHAMBERS COPY**

1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  DENNIS M. GONZALES, Bar No. 59414
   dgonzales@lbaclaw.com
3  RAYMOND W. SAKAI, State Bar No. 193507
   rsakai@lbaclaw.com
4  CARMEN M. AGUADO, State Bar No. 291941
   caguado@lbaclaw.com
5  LAWRENCE BEACH ALLEN & CHOI, PC    NOTE CHANGES MADE BY THE COURT
6  100 West Broadway, Suite 1200
   Glendale, California  91210-1219
7  Telephone No. (818) 545-1925
   Facsimile No. (818) 545-1937

8  Attorneys for Defendant County of Los Angeles    NOTE CHANGES MADE BY THE COURT
   And Deputy Brad Witkosky
9

10                 **UNITED STATES DISTRICT COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12  NORVELL FOBI, an individual        ) Case No. 2:16 CV 9263 GW (AGRx)
                                       )
13              Plaintiff,             ) Magistrate Judge Alicia G. Rosenberg
                                       )
14       vs.                          ) [~~PROPOSED~~] **ORDER RE**
                                       ) **STIPULATION FOR PROTECTIVE**
15  COUNTY OF LOS ANGELES;            ) **ORDER RE CONFIDENTIAL**
    DEPUTY BRAD WITKOSKY, an          ) **MATERIALS**
16  individual, and DOES 1-10, inclusive, )
                                       ) *[Stipulation for Protective Order re*
17              Defendants.            ) *Confidential Materials filed*
                                       ) *concurrently herewith]*
18  _____ )

19

20       Having reviewed and considered the Parties' Stipulation for Protective

21  Order Re: Confidential Materials, good cause showing therein, IT IS SO

22  ORDERED:

23       1.    <u>Plaintiff.</u>  Plaintiff is Norvell Fobi (hereinafter "Plaintiff").

24       2.    <u>Defendants.</u>  Defendants are County of Los Angeles and Deputy

25  Brad Witkosky (hereinafter "Defendants") (Plaintiff and Defendants are

26  collectively referred to hereinafter as "the Parties").

27       3.    <u>Disclosing Party.</u>  Disclosing Party shall refer to Defendant County

28  of Los Angeles.

                                    1

1    4.    Receiving Party. The Receiving Party is Plaintiff and his agents as
2    set forth in Paragraph Nos. 17 and 18 of this Protective Order.

3    5.    Case Summary. This case arises from Plaintiff's allegation that his
4    rights were violated by Defendants arising from a deputy-involved-shooting on
5    March 5, 2016.

6    6.    Good Cause Statement and Confidential Materials. Defendants
7    anticipate that during discovery in this action they will exchange documents,
8    items, or materials and other information that contain sensitive and confidential
9    information that derives actual or potential value from not being generally known
10   to the public and are the subject of reasonable efforts to maintain their
11   confidentiality. Defendants believe, in good faith, that these documents and/or
12   writings are protected by the Official Information Privilege, the right to privacy
13   guaranteed in the Federal Constitution, the First Amendment and California
14   Constitution, Article I, Section I, and various California Government, Penal, and
15   Evidence Code sections, and thus protected from disclosure. This will be
16   accomplished by affixing to such document or writing a legend, such as
17   "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE
18   ORDER" or words of similar effect. Documents and writings so designated,
19   hereinafter, collectively "Confidential Information", shall be treated in
20   accordance with the terms of this stipulation/protective order. Documents,
21   writings and things to be designated as such, include the following:

22          a)    Any material relating to or regarding the personnel files and/or
23   records of any employee or former employee of the Los Angeles County Sheriff's
24   Department ("LASD");

25          b)    Any material relating to any personnel investigations
26   conducted by the LASD or other law enforcement agency regarding any member
27   or former member of the LASD;

28   ///

2

1        c)     Any material relating to incidents involving Plaintiff

2  containing sensitive and private information regarding third parties;

3        d)     Any material relating to or regarding the documents within the

4  LASD, Detective Division, Homicide Bureau's File No.: 016-01989-0378-055;

5  and

6        e)     Any material relating to or regarding investigations by the

7  LASD, Internal Affairs Bureau, relating to or regarding incidents involving

8  Plaintiff.

9      7.    <u>Interests In Favor Of Protective Order.</u>  This Order is necessary to

10  expedite discovery, while maintaining confidential and private information of

11  Defendants and third parties, and Defendants believe it is necessary to protect

12  parties or persons from annoyance, embarrassment, oppression, or undue burden

13  or expense.  Further, Defendants contend disclosure of such information without a

14  protective order may compromise the safety of Defendants and third parties.

15      8.    <u>Stipulation.</u>  The Parties are entering into this Stipulation for

16  Protective Order to protect against any improper disclosure or risk of

17  circumvention of law that might result from disclosure of sensitive and

18  confidential information as described in this Order.  To informally resolve this

19  discovery matter, the Parties have agreed to this Stipulation for Protective Order

20  that carefully limits the use and dissemination of the Confidential Information.

21      9.    <u>Confidential Information.</u>  This Protective Order shall apply to all

22  Confidential Information produced by Disclosing Party to the Receiving Party.

23  The Confidential Information may be contained in originals and copies of

24  relevant interrogatory responses obtained from Disclosing Party in this matter;

25  originals and copies of relevant documents responsive to requests for production

26  of documents obtained from the Disclosing Party in this matter; and originals and

27  copies of transcripts, video recordings, and audio recordings of any deposition

28  taken in this matter during which the Confidential Information is used,

3

1   mentioned, reviewed, discussed, and/or referred to.  The Confidential Information

2   shall be subject to this Protective Order as follows:

3         10.   Storage Of Confidential Information.  Immediately upon production

4   by the Disclosing Party, attorneys for the Receiving Party shall personally secure

5   and maintain the Confidential Information in their possession.  The Confidential

6   Information shall not, under any circumstances, be left in an open or unsecured

7   location where unauthorized persons (such as unauthorized employees of counsel,

8   cleaning personnel, etc.) might have access to them.

9         11.   Confidential Information Legend.  All documents containing

10  Confidential Information shall be stamped "CONFIDENTIAL" or

11  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar

12  effect.  Such stamp shall not obscure the document.

13        12.   Limitation Of Use Of Confidential Information.  Attorneys for the

14  Receiving Party shall not cause or knowingly permit disclosure of the contents of

15  the Confidential Information, in any manner, including orally, beyond the

16  disclosure permitted under the terms and conditions of this Order.  Any such

17  disclosure shall be construed as a violation of this Order, except when used for

18  purposes of this litigation as described in Paragraph Nos. 15 and 16 of this

19  Protective Order.

20        13.   Testimony Regarding The Confidential Information.  In the case of

21  depositions, any party may designate all or any portion of the deposition

22  testimony given in this litigation as Confidential Information orally during the

23  deposition.  Any questions intended to elicit testimony regarding the contents of

24  the Confidential Information shall be conducted only in the presence of persons

25  authorized to review the Confidential Information as provided in this Order.  The

26  Parties may be present for any such testimony.  Any deposition transcript

27  containing such questions and testimony shall be subject to the same protections

28  and precautions applicable to the Confidential Information.

14.   <u>Inadvertent Disclosure.</u>  If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend. In that event, the Receiving Party who has obtained inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the Receiving Party has already disseminated the Confidential Information to any person, the Receiving Party will notify all such persons the information was disseminated to the Confidential Information in writing of the need to return such Confidential Information and not to further disseminate it.  This provision applies to any and all Confidential Information produced to the Receiving Party.

15.   <u>Limitations On The Non-Litigation Use Of Confidential Information.</u>  The confidentiality of the Confidential Information received from Defendants during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action entitled.  Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications.  The Receiving Party is prohibited from placing any of the Confidential Information on the Internet.

16.   <u>Court Filings.</u>  If necessary in the judgment of attorneys for Receiving Party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5 or Ninth Circuit Rule 27-13.  Receiving Party will inform the Court and Parties of any Confidential Information it intends to present during trial ~~so appropriate measure~~ *Confidential Information used at trial shall become public absent⊙ separate court order* ~~may be considered by the Court that may be necessary to protect the Confidential~~ *on motion and compelling reasons shown.* ~~Information.~~  Receiving Party's presentation of Confidential Information during

5

1  trial will not require compliance with the written consent as set forth in Paragraph

2  No. 18 below.

3       17.   <u>Other Persons Authorized To Review Confidential Information.</u>  The

4  Receiving Party's attorneys of record may be permitted to see originals and

5  obtain copies of the Confidential Information covered by this Order.  Also,

6  Defendants, including officers, directors, employees, and experts thereof may be

7  permitted to review the Confidential Information.  Additionally, paralegals,

8  secretaries, expert witnesses, and other individuals and entities that may be

9  employed or retained by the Receiving Party to assist in the preparation and/or the

10  litigation of this action may be permitted to see originals and obtain copies of the

11  Confidential Information covered by this Order, provided such experts and

12  employees have first executed the written statement set forth in Paragraph No. 18

13  below, and comply with the provisions of that section.  The Parties' attorneys

14  may review the Confidential Information with the Parties they represent.

15       18.   <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of

16  any Confidential Information to any person described above, attorneys for the

17  Receiving Party who seeks to use or disclose such Confidential Information shall

18  first provide any such person with a copy of this Order, and shall cause him or her

19  to execute the following acknowledgment:

20      "I, _____, do solemnly swear

21      that I am fully familiar with the terms of the Stipulated

22      Protective Order entered in this action and hereby agree to

23      comply with and be bound by the terms and conditions of the

24      said Order with respect to the handling, use and disclosure of

25      each Confidential Document.  I understand that I may be

26      subject to penalties for contempt of Court if I violate this Order

27      and hereby consent to the jurisdiction of said Court for

28      purposes of enforcing this Order.

1     Dated: _____ /s/_____ ”

2 This written requirement applies to, but is not limited to, expert witnesses and

3 other individuals and entities that may be employed or retained by the Receiving

4 Party's counsel to assist in the preparation and/or the litigation of this action. The

5 Receiving Party shall be responsible for maintaining the signed original of each

6 such written statement until the conclusion of these proceedings, including any

7 appeal. Counsel for Receiving Party shall insure that their office staff, including,

8 but not limited to, paralegals and secretaries, shall be made aware of their

9 obligations under this protective order.

10     19. <u>No waiver of objections.</u> Nothing in this Stipulation and Order

11 constitutes any decision by the Court concerning discovery disputes or the

12 admission into evidence of any specific document or testimony or liability for

13 payment of any costs of production or reproduction of documents. This Order

14 also does not constitute a waiver by any party of any right to object to discovery

15 or admission into evidence of any document, record, testimony or other

16 information that is subject to this Order. Nor do Defendants waive any privileges,

17 including, but not limited to, the investigatory files or official information

18 privileges by entering into this order. *See e.g., Weiner v. FBI*, 943 F.2d 972, 985

19 (9th Cir. 1991); *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992).

20     20. <u>Subpoena for Confidential Information.</u> In the event that the

21 Receiving Party receives a subpoena, discovery request, or other legal process

22 seeking production of Confidential Information, the Receiving Party must give

23 prompt written notice to the Disclosing Party. The Receiving Party shall inform

24 the person or entity seeking the information of the existence of this Stipulation

25 and Order and shall not produce the Confidential Information absent a Court

26 Order requiring such production.

27 ///

28 ///

7

1     21.   <u>Modification.</u>  For good cause, any party may seek a modification of

2 this Order, first by attempting to obtain the consent of the other parties to such

3 modification, and then, absent consent, by application to this Court.

4     22.   <u>Return of Confidential Information.</u>  No more than thirty (30)

5 calendar days after the conclusion of this case the Receiving Party and every

6 other person and/or entity *other than the Court* who received originals or copies of the Confidential

7 Information shall return all originals, copies of the Confidential Information, and

8 material derived therefrom, including, but not limited to, all log(s) of persons

9 authorized to review the protected documents and the written statement(s)

10 acknowledging the terms and provisions of this Order pursuant to Paragraph

11 No. 18 of this Order, to the Disclosing Party care of:

12         Paul B. Beach, Esq.

13         Lawrence Beach Allen & Choi, PC
        100 West Broadway, Suite 1200

14         Glendale, California 91210-1219

15 Alternatively, the Receiving Party and every other person and/or entity *other than the Court* who

16 received originals or copies of the Confidential Information may destroy all such

17 material and material derived therefrom within thirty (30) calendar days after the

18 conclusion of this case.  Additionally, within thirty (30) calendar days after the

19 conclusion of this case, counsel for the Receiving Party shall send a signed

20 declaration stating that such material has been destroyed pursuant to this

21 Protective Order.

22     This case has concluded when (i) a final judgment has been entered by the

23 Court or the case has otherwise been dismissed with prejudice; (ii) the time for

24 any objection to or request for reconsideration of such a judgment or dismissal

25 has expired; (iii) all available appeals have concluded or the time for such appeals

26 has expired; (iv) any post appeal proceedings have themselves concluded; and (v)

27 after payment of monies due, if any, to Plaintiff and/or his attorneys, whether via

28 judgment, settlement or otherwise.  The Parties understand that they have no

1   control over documents in possession of the District Court and Courts of Appeal.

2   The Receiving Party has no obligation to obtain any such Confidential

3   Information that was filed with the court, or part of the trial of this matter, other

4   than filing documents in compliance with Paragraph No. 16 or Confidential

5   Information returned by the Courts(s).

6      23.   <u>Survivability Of This Protective Order.</u>  This Stipulation and

7   Protective Order shall survive the termination of this action, ~~and the Court shall~~

8   ~~retain jurisdiction to enforce it.~~

9      IT IS SO ORDERED.

11   Dated: <u>May 16, 2017</u>

12                                Magistrate Judge Alicia G. Rosenberg

                                  United States Magistrate Judge

9